IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID STARKS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Case No. 02-1252-JPG |
| MARVIN POWERS, et al. | ) ) ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

**Frazier, Magistrate Judge:**

Before the Court are motions for summary judgment filed by defendants Williams and Caliper (Doc. Nos. 71, 96). Plaintiff David Starks seeks damages and injunctive relief pursuant to 42 U.S.C. § 1983. He claims that defendants Dr. Williams, Terry Caliper and Dr. Marvin Powers deprived him of his Eighth Amendment right to be free from cruel and unusual punishment when they deliberately refused to treat his painful vision disorder.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Because plaintiff is proceeding pro se, he is entitled to notice of the consequences if he fails to adequately respond to the motion. *Bryant v. Madigan*, 84 F.3d 246, 247 (7th Cir. 1996); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). A notice regarding the potential consequences of Williams' motion is not on file.

**Williams' Motion**

    **I.**        **Deliberate Indifference.**

Williams seeks judgment in his favor, arguing that plaintiff cannot establish that he (Williams) acted with deliberate indifference within the meaning of the Eighth Amendment. In support of this argument, Williams refers to plaintiff's allegations but presents no evidence (Doc. Nos. 71, 72). In response, plaintiff argues that Williams deliberately delayed or refused to provide necessary medical treatment for his vision problem. He submits optical records and his affidavit, which show that he has trouble focusing on objects at a distance. He also experiences double vision, blurred vision, severe eye pain, swelling, redness, tearing, light sensitivity, and headaches when he focuses on near objects for any period of time. He also describes symptoms of a mental health disorder (Doc. Nos. 75, 76). Williams filed a reply, supported by an affidavit describing his conduct (Doc. No. 77). Because plaintiff did not receive a fair opportunity to respond to the facts submitted with Williams' reply, that affidavit is not considered.[1]

Williams evaluated plaintiff's optical condition in September, 2001, and again in January, 2003. He examined plaintiff's eyes, reviewed medical reports,[2] and completed optometric examination forms. He advised plaintiff that he had myopia in Septemeber, 2001, and advised plaintiff that he had severe eyestrain and increased myopia in January, 2003. He discussed plaintiff's vision disorder with defendants Powers and Caliper, decided that plaintiff did not need to see objects at great distances, and deferred treatment with corrective lenses until a later date, after plaintiff was transferred. Dr. Williams advised plaintiff to treat his symptoms of severe eyestrain

---

[1] Williams filed a supplemental argument (Doc. No. 108). The supplement was filed without leave of Court. Rather than respond, plaintiff moved to strike (Doc. Nos. 110, 111). Because plaintiff did not receive a fair opportunity to address the supplemental argument, it is not considered.

[2] Williams may have reviewed a report of Dr. Clark's 1999 eye exam. Dr. Clark decided that plaintiff needed reading glasses; however, Dr. Powers reviewed Dr. Clark's findings and added a note to that report stating that plaintiff had no apparent need for reading glasses.

by taking a "visual break," and also advised plaintiff to place a towel over his face to keep light out of his eyes (Doc. No. 75, 76).

To the extent that Williams challenges the sufficiency of plaintiff's allegations, the argument is moot. The Court reviewed the allegations in the Amended Complaint under the appropriate legal standard and determined that they are sufficient to state an Eighth Amendment claim against Williams (Doc. No. 102).

Williams is entitled to judgment in his favor if there is a complete failure of proof on an essential element of plaintiff's claim, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In order to defeat Williams' motion, plaintiff must prove that Williams' conduct deprived him of rights, privileges, or immunities guaranteed by the Constitution or laws of the United States. *Larsen v. Beloit*, 130 F.3d 1278, 1282 (7th Cir. 1997). In medical care cases, an Eighth Amendment deprivation occurs when a defendant demonstrates deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). In general, deliberate indifference means that the defendant knew about and disregarded a substantial risk of serious harm. *Farmer v. Brennan*, 114 S.Ct. 1970, 1979 (1994). Deliberate indifference may be inferred when a medical professional makes a treatment decision that amounts to a substantial departure from accepted professional judgment, practice or standards. *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996).

The threshold issue is whether the Court is in a position to determine whether plaintiff has proved an essential element of his claim, considering that plaintiff was not notified of the consequences of an inadequate response to Williams' motion. The circumstances here are a bit atypical because plaintiff sought summary judgment early in this litigation and advanced arguments demonstrating his knowledge and understanding of Rule 56, including the requirement that non-

movants must produce evidence demonstrating the existence of a factual dispute (Doc. Nos. 24, 25, 39). Under these circumstances, the Court will consider whether plaintiff has produced facts that could support a finding that Williams acted with deliberate indifference.

Viewed in plaintiff's favor, the evidence shows that Williams evaluated plaintiff's complaints, reviewed medical records, and conducted two optical exams. He told plaintiff that he had eyestrain and myopia and completed reports, describing relatively minor eye ailments. After considering plaintiff's circumstances and discussing plaintiff's condition with other health care professionals, Williams suggested that plaintiff take visual breaks and cover his eyes to relieve his symptoms. While Williams deferred further treatment, this alone does not reasonably support an inference that he disregarded a substantial risk that plaintiff would suffer serious harm. At most, plaintiff can prove that Williams reached a professional decision that differs from the decision made by Dr. Clark in 1999. Because the facts do not suggest that Williams made a diagnosis or proposed treatment that substantially departs from accepted optometric standards of practice, there is a complete failure of proof on the "deliberate indifference" element of plaintiff's § 1983 claim.

**II.    Serious Medical Need.**

Williams also argues that plaintiff cannot establish that he had a serious medical need within the meaning of the Eighth Amendment. Plaintiff contends that his vison disorders are serious because they were diagnosed by a physician as mandating treatment . Alternatively, plaintiff argues that a layperson would easily recognize the necessity of a doctor's attention (Doc. Nos. 75, 76).

A prisoner's medical need is objectively serious if it has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir.

2000) (*quoting Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)).

The evidence, discussed in the preceding section, shows that plaintiff has trouble focusing on objects at a distance and suffers from double vision, blurred vision, severe eye pain, swelling, redness, tearing, light sensitivity, and headaches when he focuses on objects that are near for any period of time. He also experiences symptoms of a mental health disorder. Optical examinations were conducted in 1999, 2001, and 2003. While Dr. Clark felt that plaintiff needed corrective lenses, Dr. Powers disagreed. Dr. Williams diagnosed myopia and eyestrain. While he deferred treatment with corrective lenses, he advised plaintiff to take visual breaks and cover his face with a towel. While it is a close question, the Court believes this evidence could be sufficient to support a finding that plaintiff had a serious medical need.

### III. Conspiracy.

Because plaintiff's civil conspiracy claim against Williams has been dismissed, this argument is moot.

### IV. Emotional and Mental Injuries.

Williams argues that plaintiff may not recover for mental and emotional injuries because he has failed to comply with 42 U.S.C. § 1997e(e). Because plaintiff has presented evidence that he suffers from physical ailments, this argument lacks merit.

### V. Qualified Immunity.

Williams also argues that he is entitled to qualified immunity. Plaintiff maintains that his statutory right to medical attention was clearly established in 2001.

In order to prevail in a § 1983 action for civil damages from a government official performing discretionary functions, the defense of qualified immunity requires that the official be

shown to have violated "clearly established statutory or constitutional rights of which a reasonable person would have know." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In resolving the defense, a court must first determine whether plaintiff has alleged the deprivation of an actual Constitutional right at all, and if so, proceed to decide whether that right was clearly established at the time of the alleged violation. *Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991).

The deliberate indifference standard for treatment decisions by health care professionals was established long ago. *See Youngberg v. Romeo*, 457 U.S. 307, 323 (1982); *Estate of Cole by Pardue v. Fromm*, 94 F.3d at 262. Because the Constitution is not offended when an optometrist evaluates an eye disorder and provides treatment different from that proposed by another optometrist, defendant Williams is immune from an award of damages.

## Caliper's Motion

### I.     Deliberate Indifference.

Defendant Caliper argues that she was not deliberately indifferent to plaintiff's medical needs. Specifically, she argues that she fulfilled her job duties by scheduling three examinations by optometrists. She explains that she has no authority to make treatment decisions or override treatment decisions made by doctors (Doc. No. 96). Plaintiff argues that, because Caliper's job requires her to provide medical services to inmates that are commensurate to those available to the free community, and because Caliper reviewed his medical reports and has work experience as a medical administrator, she should have known that Dr. Powers and Williams made improper treatment decisions. He also maintains that Caliper should have ordered eyeglasses based on Dr. Clark's assessment (Doc. Nos. 99, 100).

Caliper is the administrator of the prison healthcare unit. Her duties require her to provide

inmates with medical, dental, and psychological services that are commensurate to those available in the free community. After plaintiff requested medical attention for his eyes in May, 1999, he was scheduled to see an optometrist. Dr. Clark examined plaintiff and determined that he needed reading glasses. That recommendation was reviewed without approval by Dr. Powers, the medical director for the institution. Plaintiff continued to complain about his eye problems and demand treatment when defendant Caliper made her rounds. Every time plaintiff complained about medical staff or insufficient treatment, defendant Caliper answered his complaints on behalf of the medical staff. Plaintiff believes that she discussed his eye condition and treatment options with Drs. Powers and Williams on several occasions. Many times, Caliper referred plaintiff to Dr. Williams or Dr. Powers. Sometimes, she walked away when he tried to get her attention. After plaintiff submitted several requests for treatment regarding his eyes in 2001, he was scheduled to be seen by another optometrist. In September, 2001, Dr. Williams diagnosed mild myopia but did not recommend treatment with corrective lenses. Plaintiff continued to request treatment for his eye condition. He was examined by Dr. Williams again in January, 2003. Once again, Dr. Williams decided that plaintiff did not need eyeglasses.

     Caliper did not evaluate plaintiff's eye condition or his need for treatment. She has no authority to prescribe corrective lenses for inmates and does not have authority or training to override treatment decisions made by doctors.

     At most, these facts suggest that Caliper should have inferred that plaintiff was receiving inadequate eye care and should have determined that one recommendation was better than another. Because the deliberate indifference standard requires actual knowledge, evidence that Caliper "should have known" that his problem might benefit from different treatment is insufficient to

support plaintiff's Eighth Amendment claim. Under these circumstances, Caliper is entitled to judgment in her favor.

### II.     Qualified Immunity.

Caliper also argues that she is entitled to qualified immunity. She claims that the law existing at the time of her conduct clearly establishes that prison officials may rely on doctor assessments and treatment decisions. Unfortunately, Caliper makes the argument without citing to authority. Accordingly, the argument is rejected at this time.

### Conclusion

IT IS RECOMMENDED that defendant Williams' motion for summary judgment (Doc. No. 71) be GRANTED and that defendant Caliper's motion for summary judgment (Doc. No. 96) be GRANTED. Judgment in favor of these defendants should be entered at the close of this case.

**SUBMITTED:**      February 1, 2005      .

        s/Philip M. Frazier
        **PHILIP M. FRAZIER**
        **UNITED STATES MAGISTRATE JUDGE**